UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER SETZER,<br><br>                        Plaintiff,<br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                       Defendant. | Case No. 3:13-cv-05756-KLS<br><br>ORDER DENYING PLAINTIFF'S NOTICE OF APPEAL AND REQUEST FOR A COPY OF THE CASE RECORD |

      This matter comes before the Court on plaintiff's filing of a "notice of appeal" (*see* Dkt. 37) and request for a copy of the record in this case (*see* Dkt. 38). After reviewing plaintiff's notice of appeal, defendant's response to that notice, plaintiff's reply thereto, and the remaining record, for the reasons set forth below the Court hereby DENIES both the notice of appeal and the record request.

FACTUAL AND PROCEDURAL HISTORY

      On August 29, 2013, plaintiff through his attorney, D. James Tree, filed his complaint in this case. *See* Dkt. 1. On March 27, 2014, Mr. Tree filed a motion for extension of time allowing him additional time to report to the Court on the wishes of plaintiff before withdrawing from this matter as his legal representative. *See* Dkt. 23. In the declaration he submitted in support of that motion, Mr. Tree stated in relevant part:

> . . . I have received a letter [dated February 28, 2014,] signed by a Christopher E. Setzer discharging me as legal counsel in the disability claim of Christopher E. Setzer. . . . The letter maybe [sic] from my client, Mr. Setzer but I am not

ORDER - 1

> sure as I have been unable to speak to him. I have called his phone number on numerous occasions since receiving this letter to confirm if this letter is from my client, to ascertain what is meant by a notice of withdrawal, and to determine if this is Mr. Setzer's wishes during a period he is competent. On each of the many calls I have made I have received the following message each time, "The person you are trying to reach is not accepting calls at this time. Please try your call again later. . . . " Based on six years of representing Mr. Setzer I believe I have a legitimate concern for Christopher Setzer and that he may not be acting in a rationale [sic] manner. . . .
>
> . . .
>
> . . . On March 26, 2014[,] a call was received by a person identifying themselves as Chris Setzer. I was in Tacoma for a hearing. This person wanted to know if a withdrawal had been filed. My legal assistant asked for his number and he said it was the same. She told him Mr. Tree needed to talk to him and had called that number many times. I am the only one that recognizes Mr. Setzer's voice as I am the only one to meet him in person. I have spent several hours in person with Mr. Setzer on several occasions. This person hung up without providing a phone number.

Dkt. 25, pp. 1-4; *see also* Dkt. 23-1; Dkt. 24. Mr. Tree further stated in relevant part:

> . . . I have no desire to continue to represent Mr. Setzer for financial or personal gain. My written attorney fee agreement is based on a contingency fee agreement. If the court allows additional time for me to contact Mr. Setzer to verify he sent the letter and he continues to want me to withdraw I will do so and waive all rights to receive my fee. My sole desire is to protect Mr. Setzer.
>
> . . . I have been representing him for many years and my staff has often asked that I discontinue representing him, and based on severe breaks with reality I have seriously considered doing so, but each time coming back to the point that someone needs to stand up for Mr. Setzer. His personality disorder is so severe he goes ballistic at times and it takes him a considerable amount of time to calm down. We have completed his opening brief and plan on filing it unless we get confirmation that Mr. Setzer sent the [February 28, 2014] letter and wants us to withdraw. We will not charge any fee for the brief unless we do continue to represent Mr. Setzer at his request and he ultimately prevails on his claim.

*Id.* at p. 2-3; *see also* Dkt. 24.

Mr. Tree filed plaintiff's opening brief on March 27, 2014. *See* Dkt. 26. On March 31, 2014, the Court granted Mr. Tree's motion for extension of time before withdrawing, directing

ORDER - 2

him to file a status report concerning his representation of plaintiff on or before April 30, 2014. *See* Dkt. 27. On April 24, 2014, defendant filed her responsive brief. *See* Dkt. 28. On April 30, 2014, Mr. Tree filed a status report, in which he stated in relevant part:

> On March 27, 2014[,] I sent a letter to my client, Chris Setzer, through U.S. Postal Service Certified Mail with return receipt requested. The letter was delivered on March 31, 2014. We have not received the return receipt nor has our client contacted us. We have been attempting to contact the client via phone. The phone number we have is a non-working number and the recording states "The number you dialed is not a working number, please check the number and try again." We will continue to make weekly attempts to contact Mr. Setzer to see if he is the one that asked me to withdraw and ascertain his current desire. We request an opportunity to provide an updated status report in 60 days unless we contact Mr. Setzer prior to 60 days, in which case we will notify the court at that time.

Dkt. 29, pp. 1-2. Mr. Tree also stated he was intending to file a reply brief on plaintiff's behalf, and did so on May 9, 2014. *See id.* at p. 2; Dkt. 31.

Mr. Tree filed a second status report on June 10, 2014, in which he stated that "repeated attempts" continued to be made to contact plaintiff , but he had been unable to confirm if it was plaintiff who had asked him to withdraw from this matter. *See* Dkt. 32, p. 2. On August 25, 2014, the Court issued an order in which it affirmed defendant's decision to day plaintiff benefits. *See* Dkt. 33. The judgment was entered on August 26, 2014. *See* Dkt. 34.

On June 12, 2015, plaintiff filed a notice of appearance (*see* Dkt. 35) and a "notice of appeal" in which he requested that the Court "reverse the closing order of August 26, 2014," and allow him to file a notice of appeal in this case (Dkt. 37, p. 2). Plaintiff also moved to have Mr. Tree "withdraw as counsel effective March 27, 2014." *Id.* On June 18, 2015, Mr. Tree filed a motion to withdraw as plaintiff's counsel (*see* Dkt. 42). In the declaration he filed in support of that motion, Mr. Tree stated that "[t]he first success to communicate with Mr. Setzer occurred in June 2015," when he "for the first time since filing [filing his first motion for extension time on

ORDER - 3

March 27, 2014,] spoke with Mr. Setzer," and "was able to confirm it was [plaintiff] that sent the February 28, 2014 letter and [that] he desires that I withdraw." Dkt. 43, p. 2.

On June 29, 2015, defendant filed a response to plaintiff's notice of appeal. *See* Dkt. 44. In light of Mr. Tree's statement that he finally was able to confirm with plaintiff that he desired Mr. Tree to withdraw as his attorney in this matter, on July 16, 2015, the Court granted Mr. Tree's motion to withdraw. *See* Dkt. 47. Plaintiff filed his reply to defendant's response on July 29, 2015. *See* Dkt. 49. This matter thus is now ripe for the Court's review.

## DISCUSSION

As indicated by defendant, it is unclear whether plaintiff intended his "notice of appeal" to be a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure ("Fed. R. App. P.") 4(a)(6), or a motion for relief from judgment under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b). The Court, though, agrees with defendant that under either rule plaintiff is not entitled to the relief he seeks, and therefore finds that the notice of appeal should be denied.

A notice of appeal "may be filed by any party within 60 days of the judgment or order appealed from if one of the parties is" the United States, a United States agency or an officer or employee of the United States sued in an official capacity. Fed. R. App. P. 4(a)(1)(B). "The district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by [Fed. R. App. P.] 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The Federal Rules of Appellate Procedure further provide that:

> . . . The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

ORDER - 4

>> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Fed. R. Civ. P. 77(d) provides that "[i]mmediately after entering an order or judgment, the [district court] clerk must serve notice of the entry, as provided in" Fed. R. Civ. P. 5(b), and that "[l]ack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by" Fed. R. App. P. (4)(a). Fed. R. Civ. P. 5(b)(1) in turn provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

Fed. R. Civ. P. 60(b) for its part provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . **(1)** mistake, inadvertence, surprise, or excusable neglect . . . or **(6)** any other reason that justifies relief."[1] In addition, "[a] motion under Rule 60(b) must be made within a reasonable time," and for reason (1) "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

In this case the judgment was entered on August 26, 2014. *See* Dkt. 34. Plaintiff thus had until October 27, 2014, to timely file a notice of appeal.[2] However, no notice of appeal was filed by plaintiff until June 12, 2015, nearly 10 months after entry of judgment. *See* Dkt. 37. Plaintiff

---

[1] The other four bases for granting relief under this rule are not applicable here. *See* Fed. R. Civ. P. 60(b)(2)-(5).

[2] As defendant points out, because the sixtieth day fell on a Saturday, the latest day by which plaintiff could timely file a notice of appeal became the following Monday, October 27, 2014. *See* Local Court Rule LCR 6(a).

ORDER - 5

does not argue Mr. Tree – who was still representing plaintiff in this matter at the time – did not receive the notice of entry of judgment from the Clerk. Rather, plaintiff asserts Mr. Tree failed to provide him with a copy of that notice. As noted above, though, service of the notice is made on a party's attorney unless ordered otherwise, which the Court did not do here. As such, plaintiff is deemed to have received notice of the entry of judgment.

Plaintiff also cannot plausibly claim he is entitled to a reopening of the judgment and/or an extension of time for filing a notice of appeal on the basis of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief. Plaintiff asserts Mr. Tree had a conflict of interest because he was discharged as his legal representative in this case, and yet continued to file pleadings and take other actions on his behalf. But the Court finds nothing unreasonable or ineffective in Mr. Tree's numerous attempts to first try to confirm that plaintiff really did wish to discharge him, particularly in light of his apparent mental health issues. Rather than evincing an "abandonment" of plaintiff as is claimed, Mr. Tree's efforts reveal a strong desire to ensure that plaintiff's interests were protected. *See Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) (citing *Maples v. Thomas*, 565 U.S. ---, 132 S.Ct. 912, 922 (2012) ("Under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him."))[3]

Nor does the record show plaintiff made any effort to return any of Mr. Tree's many calls or to provide Mr. Tree with correct contact information, despite plaintiff's unsubstantiated claim that Mr. Tree refused to withdraw "even after several telephone requests and letters instructing

---

[3] The Ninth Circuit in *Mackey* went on to note that "[i]n Maples' case, because his attorneys had failed to withdraw as attorneys of record when they had effectively abandoned the case, they deprived Maples of his right to personally receive notice without any warning to him that he 'had better fend for himself.'" 682 F.3d at 1253. As noted, far from abandoning this case, Mr. Tree went to great lengths to ensure plaintiff's interests in this matter were protected.

ORDER - 6

and ordering him to do so immediately." Dkt. 49, p. 6. Indeed, the only letter plaintiff appears to have written is the one dated February 28, 2014. *See* Dkt. 23-1. Accordingly, to the extent that plaintiff was unaware of the notice of entry of judgment, that lack of awareness was due wholly to his own actions or lack thereof.

## CONCLUSION

For all of the foregoing reasons, plaintiff has failed to show he is entitled to relief under either Fed. R. App. P. 4(a)(6) or Fed. R. Civ. P. 60(b). Accordingly, plaintiff's "notice of appeal" (*see* Dkt. 37) hereby is DENIED.[4]

DATED this 12th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[4] Because plaintiff has not shown he is entitled to the relief he is requesting concerning a reopening this case and/or the filing a notice of appeal, his request for a copy of the record in this case (*see* Dkt. 38) also hereby is DENIED as moot.

ORDER - 7